IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY KENNELLEY and DELORA KENNELLEY,<br>        Plaintiffs<br><br>v.<br><br>CHURCHILL DOWNS, INC., et al.,<br>        Defendants. | C.A. No. 22-155 Erie<br><br><br>District Judge Susan Paradise Baxter |

## **MEMORANDUM ORDER**

On July 12, 2023, a Suggestion of Death was filed by Plaintiff Delora Kennelley ("Mrs. Kennelley") notifying the Court that her husband, Plaintiff Gary Kennelley, died on May 2, 2023. [ECF No. 30]. A motion to substitute party was filed on August 28, 2023, purporting to substitute Mrs. Kennelley for her husband as co-Plaintiff in this case [ECF No. 32]. A brief in opposition to this motion was filed by Defendants on August 31, 2023 [ECF No. 37], arguing that Plaintiffs failed to follow the proper procedures for substitution of a party, as prescribed by Rule 25 of the Federal Rules of Civil Procedure.

A telephone hearing on Plaintiff's motion was subsequently held before this Court on September 1, 2023, during which counsel for both parties presented oral arguments. After the hearing, this Court issued a text order denying Plaintiffs' motion to substitute party, without prejudice to Plaintiffs' right to file another motion for substitution in accordance with Fed.R.Civ.P. 25 [ECF No. 39]. In particular, Plaintiffs' time for refiling a motion for substitution was extended to November 20, 2023, to allow time for a personal representative of Gary Kennelley's estate to be properly authorized under applicable state law to represent Mr. Kennelley's interests in this matter. (Id.). However, no motion was filed within such time.

On November 20, 2023, this Court held a status conference to obtain an update from the parties regarding the status of this matter. During this conference, Plaintiffs' counsel reported that Mrs. Kennelley's probate attorney had not yet obtained the appointment of a personal representative for Gary Kennelley's estate. Nonetheless, Plaintiffs' attorney renewed his previous argument that no such appointment is necessary for substitution under Rule 25, and that the Court can simply appoint Mrs. Kennelley as the authorized substitute for her husband's interests in this matter. The Court has deemed Plaintiff's argument to be an oral motion for reconsideration of its previous Order denying Plaintiffs' first motion to substitute party.

In support of his argument that Rule 25 does not require a court-appointed personal representative to be substituted for a decedent in a civil action, Plaintiffs' counsel has cited the case of <u>Unicorn Tales, Inc. v. Banerjee</u>, 138 F.3d 467 (2d Cir. 1998).[1] Upon reviewing this case, however, the Court finds that the case does not stand for the proposition for which it has been cited by Plaintiffs' counsel. Specifically, the issue before the Second Circuit Court in <u>Unicorn</u> was whether a statement of death filed under Rule 25 is required to be filed by an appointed representative of the decedent's estate. The Court determined that nothing in Rule 25 requires a statement of death to be filed by a court-appointed representative; however, the court did not address the issue of who is a "proper party" authorized to be substituted for a deceased plaintiff under Rule 25, which is the issue presented here. For this issue, the Court turns to other case authority interpreting New York law.

In this regard, United Sates District Courts in New York have consistently held that, "A 'proper party' for substitution under Rule 25(a)(1) is either (1) a successor of the deceased party

---

[1] Because Plaintiffs were both residents of the State of New York at the time of Gary Kennelley's death, the parties acknowledge that New York Law applies to the determination of who is a properly authorized party to be substituted for a deceased plaintiff under Rule 25 of the Federal Rules of Civil Procedure.

- a distributee of an estate if the estate of the deceased has been distributed at the time the motion for substitution has been made, or (2) a representative of the deceased party - a person lawfully designated by state authority to represent the deceased's estate." Allen ex rel. Allen v Devine, 2011 WL 5117619, at *4 (E.D.N.Y. Oct. 25, 2011), citing Garcia v. City of New York, 2009 WL 261365, at *1 (E.D.N.Y. Feb. 4, 2009) (citations omitted). Thus, New York courts have held that a "proper party" under Rule 25(a)(1) need not be formally appointed estate administrator, but may be a "distributee" of the decedent's estate. New York law defines "distributee" as a "person entitled to take or share in the property of a decedent under the statutes governing descent and distribution[,]" N.Y. E.P.T.L. § 1-2.5, and it is enough to satisfy Rule 25(a)(1) that the movant is an estate distribute "if the estate of the deceased has been distributed at the time the motion for substitution has been made." Gronowicz v. Leonard, 109 F.R.D. 624, 626 (S.D.N.Y. 1986) (citations omitted); Graham v. Henderson, 224 F.R.D. 59, 64-65 (N.D.N.Y. 2004) (noting that although an affidavit failed to show that testamentary letters of estate administration were formally granted to the deceased defendant's wife, its attestation that she was the primary distributee of the deceased's distributed and settled estate qualified her as the deceased's "successor" and a proper party for substitution under Rule 25(a)(1)); Hardy v. Kaszycki & Sons Contractors, Inc., 842 F.Supp. 713, 716-17 (S.D.N.Y. 1993) (holding that a deceased defendant's wife was a representative of her husband's estate and a proper party for substitution purposes where the wife was the primary distributee of her deceased husband's estate, even though she had not been formally named as estate representative).

Because of its factual similarity to the present case, the Gronowisz case is particularly instructive. In Gronowisz, counsel for a deceased plaintiff asserted that the plaintiff's wife was a proper party to be substituted for the plaintiff pursuant to Rule 25, because she was named in the

plaintiff's will as his sole heir and executrix; however, the will had not been filed for probate nor had plaintiff's wife been appointed as executrix. Moreover, as here, the plaintiff's counsel had not indicated whether the estate had been distributed but stated that plaintiff's wife could be appointed as executrix if "necessary or advisable." 842 F.Supp. at 626. In view of these facts, the Court made the following determination:

> For [plaintiff's wife] to be substituted, she must either notify the court that the estate has been distributed without being filed for probate or she must become appointed executrix of [plaintiff's] estate. Should such distribution be made or [plaintiff's wife] be appointed as executrix, the motion for substitution shall be granted. Under these circumstances, the court will reserve on counsel for plaintiff's motion.

Id.

Based on the foregoing case authority, this Court will adopt the reasoning of the court in Gronowicz and modify its prior Order, accordingly.

NOW, THEREFORE, this 5th day of December 2023,

IT IS HEREBY ORDERED that Plaintiffs' oral motion for reconsideration of this Court's prior Order denying Plaintiffs' first motion to substitute party [ECF No. 39] is GRANTED and said Order is VACATED and Plaintiffs' motion to substitute party is reinstated.

IT IS FURTHER ORDERED that Plaintiffs' motion to substitute party [ECF No. 34] will be held in abeyance subject to the following: Within ten (10) days of the date of this Order, Plaintiff must file with this Court either (i) an affidavit attesting that Gary Kennelley's estate has been distributed to Mrs. Kennelley outside of probate, either in whole or in part, upon receipt of which the Court will grant her substitution without further requirement in state court, or (ii) documentary evidence verifying that Mrs. Kennelley has been properly appointed as executrix or administrator of Gary Kennelley's estate, under applicable state law. In the event

Plaintiffs fail to comply with this Order within the time prescribed, Plaintiffs' motion to substitute party [ECF No. 34] will be denied.

IT IS FURTHER ORDERED that a telephonic status conference shall be held on January 8, 2024, at 2:30 p.m. before Judge Susan Paradise Baxter. The parties are directed to contact the Court at (814) 800-5033 and use access code 136238296# at the time of the scheduled conference.

                                                    /s/ Susan Paradise Baxter
                                                 SUSAN PARADISE BAXTER
                                                 United States District Judge